IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA ZUNA, | : | Civil Action No. 4:15-CV-1825 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| ACTING COMMISSIONER OF | : | |
| SOCIAL SECURITY[1], | : | |
| | : | (Magistrate Judge Cohn) |
| | : | |
| Defendant. | : | |

**ORDER**

March 29, 2017

This matter is an action for social security benefits which have been denied

by both the Acting Commissioner of Social Security and, before that, by an

administrative law judge.  Plaintiff filed the instant action on September 20, 2015,

and it was assigned jointly to the undersigned and to a magistrate judge.

Upon designation, a magistrate judge may "conduct hearings, including

evidentiary hearings, and . . . submit to a judge of the court proposed findings of

---

[1]At the time the action was filed, Carolyn Colvin was the acting
commissioner of social security.  As of January 23, 2017, Nancy Berryhill is the
acting commissioner of social security.

1

fact and recommendations."[2]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[3]  On March 3, 2017, Magistrate Judge Gerald B. Cohn, to whom this matter is jointly assigned, issued a thorough  report and recommendation recommending that the undersigned affirm the decision of the Commissioner of Social Security denying Plaintiff social security benefits.

Plaintiff filed objections to the report and recommendation on March 17, 2017.  When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[4] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[5]  For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error

---

[2]28 U.S.C. 636(b)(1)(B).

[3]28 U.S.C. 636(b)(1).

[4]28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[5]*Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

on the face of the record in order to accept the recommendation."[6] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review and found no error.  Plaintiffs objections are merely restatements of her prior arguments that have been previously addressed by the magistrate judge.

Accordingly, **IT IS HEREBY ORDERED THAT** the report and recommendation of the magistrate judge is ADOPTED IN FULL.  March 3, 2017, ECF No. 19.   The decision of the Commissioner is AFFIRMED.  The Clerk is directed to enter judgment in favor of the Commissioner and against the Plaintiff. The Clerk is further directed to close the case file.

---

[6]Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[7]28 U.S.C. § 636(b)(1); Local Rule 72.31.

BY THE COURT:


 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge